# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| GIOVANNI CARRINGTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>WIRELESS VISION, LLC,<br><br>Defendant. | Index No.:<br><br>**SUMMONS** |

TO THE ABOVE NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to submit to the attorneys of Plaintiffs your answering papers to the Complaint in this action within 30 days after service of this summons. In case of your failure to submit answering papers, judgment will be taken against you by default for the relief demanded in the complaint.

DATED: New York, New York
         June 1, 2018

**VIRGINIA & AMBINDER, LLP**

 /s/Lloyd R. Ambinder, Esq. 
By: Lloyd R. Ambinder, Esq.
Jack L. Newhouse, Esq.
Joel Goldenberg, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080
jnewhouse@vandallp.com

*Attorneys for Plaintiff and the putative class*

To:
Wireless Vision, LLC
40700 Woodward Ave., Suite 250,
Bloomfield Hills, Michigan, 48304

SUPREME COURT FOR THE STATE OF NEW YORK
COUNTY OF NEW YORK

GIOVANNI CARRINGTON, on behalf of themselves and all others similarly situated,

Plaintiffs,

- against –

WIRELESS VISION, LLC,

Defendant.

Index No.:

**CLASS ACTION COMPLAINT**

Named Plaintiff Giovanni Carrington ("Plaintiff"), by her attorneys Virginia & Ambinder, LLP, alleges upon knowledge to herself and upon information and belief as to all other as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant on behalf of the Plaintiff and a putative class of individuals (collectively "Plaintiffs") who are presently or were formerly employed by Wireless Vision, LLC ("Wireless Vision" or "Defendant") from May 2012 to the present.

2. Plaintiffs seek to recover wages and benefits to which Plaintiffs were statutorily entitled to receive pursuant to Article 6 of the New York Labor Law (the "NYLL") §§ 190 *et seq*.; Article 19 § 663; and 12 New York Codes, Rules and Regulations ("NYCRR") §§ 142-2.2, 142-2.5, and 142-2.10, to recover unpaid wages and unpaid overtime compensation, and to recover uniform maintenance allowance compensation.

3. Beginning in approximately May 2012 and, upon information and belief, continuing to the present, Defendant did not pay Plaintiffs all their wages or overtime compensation. Additionally, Defendant required Plaintiffs to wear uniforms but did not offer to launder them or provide the uniform maintenance pay set forth in 12 NYCRR § 146-2.5.

4. Accordingly, Plaintiff has initiated this action seeking for herself, and on behalf of all similarly situated employees, to recover unpaid wages, overtime compensation, uniform maintenance pay, and statutory penalties, plus interest, attorneys' fees, and costs.

## THE PARTIES

5. Named Plaintiff Giovanni Carrington is an individual who is domiciled in Kings County, New York, and was employed by Defendant from approximately August 2017 to April 2018.

6. Defendant Wireless Vision, LLC is a foreign limited liability company organized under the laws of Michigan and authorized to do business in the State of New York. Defendant has a principal place of business at 40700 Woodward Ave., Suite 250, Bloomfield Hills, Michigan, 48304. Defendant is in the mobile phone retail business.

## CLASS ALLEGATIONS

7. This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules.

8. This action is brought on behalf of the Plaintiff and a putative class consisting of each and every person who worked for Defendant as customer service representatives (also known as "Mobile Experts"), assistant store managers, and store managers, in the State of New York between May 2012 and the present.

9. The putative class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to the Plaintiff, and calculation of such number would require facts in the sole control of Defendant, upon information and belief the size of the putative class is believed to be in excess of 50 individuals. In addition, the names of all potential members of the putative class are not known.

10. The questions of law and fact common to the class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Defendant failed to pay Plaintiffs all earned wages; (2) whether Defendant failed to

2

pay Plaintiffs overtime compensation; (3) whether Plaintiffs were required to wear uniforms; and (4) whether Defendant failed to pay Plaintiffs the uniform maintenance allowance as required by 12 NYCRR § 142-2.5.

11. The claims of Plaintiff are typical to the claims of the class because they are all current and former employees of Defendant who worked in New York and are allegedly entitled to and failed to receive all earned wages, overtime compensation, and uniform maintenance pay as required by 12 NYCRR § 142-2.5. The defenses that Defendant is likely to assert against the Plaintiff's claims are typical of the defenses that Defendant is likely to assert against the class.

12. The Plaintiff and her counsel will fairly and adequately protect the interests of the putative class. The Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

13. A class action is superior to other available methods for the fair and efficient adjudication of this wage action. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies

## FACTS

14. Named Plaintiff was employed by Defendant from approximately August 2017 to April 2018.

15. Named Plaintiff was hired as a customer service representative.

16. Defendant employs customer service representatives (also known as "Mobile Experts"), assistant store managers, and store managers at various stores throughout the United States who are responsible for tasks, including, but not limited to, providing customer service, operating the cash register, and maintaining store appearance and inventory.

17. In approximately 2018, Named Plaintiff started working as interim store manager.

3

18. Named Plaintiff worked more than 40 hours per week while working for Defendant.

19. Named Plaintiff normally worked between six and nine hours per shift, five days per week.

20. About 5 days per week, Named Plaintiff worked longer than her regularly scheduled shift.

21. When Named Plaintiff did not take her lunch break or spent less than 30 minutes on his lunch break, 30 minutes were automatically deducted from her time sheet.

22. During the relevant statutory period, Defendant's policy and practice was to deduct 30-minutes from employees' timesheets for a "lunch-break" regardless of whether the employee actually took a lunchbreak or spent less than 30 minutes on break.

23. When Named Plaintiff worked beyond her regularly scheduled shift, that time was manually removed from her timesheet so that she remained below forty hours.

24. During the relevant statutory period, Defendant's policy and practice was to "shave" time from their employees' timesheets to below 40 hours.

25. During her employment with Defendant, Named Plaintiff was compensated a flat hourly rate regardless of the number of hours she worked.

26. During her employment with Defendant, and including the time Named Plaintiff worked as a temporary manager, Named Plaintiff earned approximately $11.50 to $13.00 per hour.

27. At all relevant times, Defendant failed to compensate Plaintiffs for all of the hours they worked.

28. Plaintiffs were not paid overtime compensation for hours worked after the first 40 hours in a week at the applicable overtime rate.

29. During her employment with Defendant, Named Plaintiff was required to purchase and wear a uniform.

30. Defendant provided Plaintiff with one uniform shirt. If Plaintiff needed an additional shirt, Plaintiff was required to purchase it from Defendant.

31. The uniform Plaintiff was required to wear was a shirt with a T-Mobile logo on it.

32. Defendant did not reimburse Plaintiff for purchasing additional uniform shirts.

33. Defendant did not wash, launder, or otherwise maintain Plaintiffs' uniform.

34. Defendant also did not provide Plaintiff with the weekly uniform maintenance allowance set forth in 12 NYCRR § 142-2.5.

35. Like Plaintiff, members of the putative class worked for Defendant as sales associates and managers.

36. Like Plaintiff, members of the putative class worked more than 40 hours.

37. Like Plaintiff, members of the putative class had their time "shaved" to below 40 hours in a week.

38. Like Plaintiff, members of the putative class had time manually removed from their timesheets to reflect less hours.

39. Like Plaintiff, members of the putative class consistently either did not take a lunchbreak or spent less than 30 minutes on break.

40. Like Plaintiff, members of the putative class were required to wear a uniform as a condition of their employment.

41. Like Plaintiff, members of the putative class had to maintain their own uniform and were not paid a uniform maintenance wage.

5

42. Like Plaintiff, Defendant did not wash, launder, or otherwise maintain the uniforms of the putative class.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT: <u>NYLL UNPAID WAGES</u>

43. Named Plaintiff repeats and realleges the allegations set forth in the proceeding paragraphs.

44. Pursuant to Article Six of the NYLL, workers, such as Named Plaintiff and members of the putative class, are protected from wage underpayments and improper employment practices.

45. At all relevant times, Plaintiffs were "employees," within the meaning of NYLL § 190.

46. Wireless Vision is an "employer" within the meaning of NYLL § 190.

47. The wage rates and compensation agreed upon by Plaintiffs and Defendant constitute "wages" within the meaning of NYLL §§ 190, 191.

48. By "shaving" time from the timesheets of Named Plaintiff and the putative class, Defendant failed to account for all hours worked and failed to pay Plaintiffs for all hours and work and for overtime worked after 40 hours in a week, Defendant violated the NYLL.

49. 12 NYCRR § 142-2.10 provides that "Wages shall be subject to no deductions, except for allowances authorized in this Part, and except for deductions authorized or required by law…." Pursuant to 12 NYCRR § 142-2.10, such unlawful deductions include, but are not limited to, "fines or penalties for lateness."

50. By automatically deducting a 30-minute lunch break per shift from the Named Plaintiff and members of the putative class who did not take or took less than 30 minutes for a lunch break, and not paying them for all hours worked, Defendant made unlawful and unauthorized

6

deductions from the earned wages of Plaintiffs which were not otherwise authorized by law or statute.

51. Upon information and belief, Defendant's failure to pay Plaintiffs wages and overtime payments for all hours worked, and making unlawful and unauthorized wage deductions was willful.

52. Due to Defendant's violations of the NYLL, Plaintiffs are entitled to recover from Defendant their unpaid wages and unpaid overtime compensation in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, costs and other damages recoverable under the NYLL.

### SECOND CAUSE OF ACTION AGAINST DEFENDANT
### NYLL OVERTIME COMPENSATION

53. Named Plaintiff repeats and realleges the allegations set forth in the proceeding paragraphs.

54. 12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

55. Named Plaintiff and members of the putative class have been employees within the meaning of NYLL.

56. Defendant has engaged in a widespread pattern and practice of violating the NYLL, as described in this Complaint.

57. Defendant violated the NYLL, in relevant part, by failing to pay Plaintiffs overtime wages as required by the NYLL and NYCRR.

58. Defendant failed to pay Plaintiffs overtime compensation for hours worked over 40 in a workweek.

59. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs.

60. Defendant's violations of the NYLL have been willful and intentional.

61. Due to Defendant's violations of the NYLL, Plaintiffs are entitled to recover from Defendant their unpaid overtime compensation in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, costs and other damages recoverable under the NYLL.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT
### NYLL UNIFORM MAINTENANCE ALLOWANCE

62. Named Plaintiff repeats and realleges the allegations set forth in the proceeding paragraphs.

63. NYLL and the regulations promulgated thereunder, 12 NYCRR §142-2.5(c), provide that where an employer failed to launder or maintain required uniforms for any employee, the employer shall pay such employee, in addition to the minimum wage, a specific weekly stipend.

64. Named Plaintiff and putative class members were required to wear a uniform during the performance of their employment duties.

65. Defendant did not provide a sufficient number of uniforms to Named Plaintiff and members of the putative class that are consistent with the average number of days worked per week.

66. In failing to launder the required uniforms and in failing to pay Named Plaintiff and the putative class the additional required uniform maintenance pay, Defendant has violated the NYLL and 12 NYCRR §142-2.5.

67. Due to Defendant's violations of the NYLL, Plaintiffs are entitled to recover from Defendant the uniform maintenance pay prescribed in 12 NYCRR § 142-2.5, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

8

**WHEREFORE**, Plaintiff, individually and on behalf of all other persons similarly situated demand judgment:

(1) On the first cause of action against Defendant, in an amount to be determined at trial, plus interest, attorneys' fees and costs;

(2) On the second cause of action against Defendant, in an amount to be determined at trial, plus interest, attorneys' fees and costs;

(3) On the third cause of action against Defendant, in an amount to be determined at trial, plus interest, attorneys' fees and costs; and

(4) Any further relief the Court may deem just and proper.

Dated: New York, New York
June 1, 2018

**VIRGINIA & AMBINDER, LLP**

_/s/Lloyd R. Ambinder, Esq._
By: Lloyd R. Ambinder, Esq.
Jack L. Newhouse, Esq.
Joel Goldenberg, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080
jnewhouse@vandallp.com

*Attorneys for Plaintiff and the putative class*